UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRASHEAR, et al., <br><br>    Plaintiffs, <br><br>    v. <br><br> HALLIBURTON ENERGY SERVICES, INC., <br><br>    Defendant. | No.: 1:20-cv-0505 -NONE -JLT <br><br> ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATIONS GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION <br><br> (Doc. Nos. 10, 25) |

    Plaintiffs Michael Brashear, Benito Contreras, Kenneth Dollar, Terry Foster, and Ricardo Rodriguez seek to hold Halliburton Energy Services, Inc., liable for wage and hour violations under California law.  (*See* Doc. No. 1.)  Halliburton asserts that plaintiffs agreed to arbitrate claims arising out of their employment and moved to compel arbitration of all non-PAGA claims presented in the complaint filed in this court. (Doc. No. 10.)  Defendant's motion to compel arbitration was referred to the assigned magistrate judge for the preparation of findings and recommendations.  (Doc. No. 16.)

    The magistrate judge issued finding and recommendations that found plaintiffs were not "transportation workers" and were therefore not exempt from the Federal Arbitration Act. (Doc. 25 at 6–10.)  In addition, the magistrate judge concluded that plaintiffs and Halliburton had entered into valid arbitration agreements, which encompassed the disputes at issue here.  (*See id.* at 10–23.)  Therefore, the magistrate judge recommended Halliburton's motion to compel arbitration be granted, and the action be stayed while that arbitration is pending.  (*Id.* at 24.)

1

On August 11, 2020, the parties were given fourteen days to file any objections to the findings and recommendations. (Doc. 25 at 25.) In addition, the parties were informed that "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.*) (citing *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991); *Wilkerson v. Wheeler*, 772 F.3d 834, 834 (9th Cir. 2014)). To date, no objections have been filed.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this court conducted a de novo review of the case. Having carefully reviewed the file, the court finds the findings and recommendations are supported by the record and proper analysis. Accordingly, **IT IS HEREBY ORDERED**:

1. The findings and recommendations dated August 10, 2020 (Doc. No. 25) are **ADOPTED IN FULL**;
2. The clauses governing amendment and termination are severed from the Dispute Resolution Program;
3. Halliburton's motion to compel arbitration (Doc. No. 10) is **GRANTED**;
4. The matter is **STAYED** to allow for the completion of arbitration;
5. Within 120 days, and every 120 days thereafter, counsel **SHALL** file a joint status report;
6. Within 10 days of the determination by the arbitrator, counsel **SHALL** file a joint status report; and
7. The court hereby retains jurisdiction to confirm the arbitration award and enter judgment for the purpose of enforcement.

IT IS SO ORDERED.

Dated:   **September 17, 2020**                    _Dale A. Drozd_
                                                   UNITED STATES DISTRICT JUDGE