**SEYFARTH SHAW LLP**
Jon D. Meer (SBN 144389)
jmeer@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Annette A. Idalski (pro hac vice)
aidalski@seyfarth.com
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056

*Counsel for Defendant Halliburton Energy Services, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BRASHEAR, BENITO CONTRERAS, KENNETH DOLLAR, TERRY FOSTER, RICARDO RODRIGUEZ,<br><br>          Plaintiffs,<br><br>     v.<br><br>HALLIBURTON ENERGY SERVICES., DOES 1-100,<br><br>          Defendant. | **Case No. 1:20-cv-00505 -JLT**<br><br>**HALLIBURTON ENERGY SERVICES, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO CONFIRM FINAL ARBITRATION AWARD** |

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

After the Labor Code claims brought by Plaintiff Ricardo Rodriguez ("Plaintiff" or "Rodriguez") were compelled to arbitration (ECF No. 25), and after extensive discovery, Halliburton filed a motion for summary judgment and a duly appointed arbitrator issued a final arbitration award in favor of Defendant Halliburton Energy Services, Inc. ("Halliburton") on all claims and awarding nothing to Rodriguez (the "Final Award").[1]  Halliburton brings this motion seeking to confirm the Final Award.  As explained below, there are no grounds for vacating, modifying, or correcting the Final Award, and **Rodriguez does <u>not</u> oppose this Motion**.

## II. PROCEDURAL HISTORY

Plaintiffs Brashear, Contreras, Dollar, Foster, and Rodriguez filed their complaint on April 9, 2020, and thereafter filed a first amended complaint on June 17, 2020.[2]  (ECF Nos. 1, 8.)  On July 9, 2020, Halliburton filed a motion to compel the non-PAGA claims to arbitration.  (ECF No. 10.)  On August 11, 2020, the Magistrate Judge recommended compelling Plaintiffs' non-PAGA claims to arbitration.  (ECF No. 25.)  On September 18, 2020, the Court adopted the Magistrate Judge's findings and recommendations in full and stayed the action while the arbitrations remain pending.  (ECF No. 26.).

## III. THE ARBITRATION PROCEEDING AND FINAL AWARD

Rodriguez filed a Demand for Arbitration on or around December 28, 2020 with the American Arbitration Association ("AAA").  (*See* Ex. 2 to Decl. of A. Idalski.)  In his Demand, Rodriguez adopted the non-PAGA claims asserted in the first amended complaint filed in this litigation and added claims for meal and rest break violations under Cal. Labor Code § 226.7. The AAA appointed retired California Superior Court judge Frank Ochoa as the arbitrator.  The parties

---

[1] A true and accurate copy of the Final Award is attached as Exhibit 1 to the Declaration of Annette Idalski, filed in support of this motion.

[2] Plaintiffs asserted the following claims in their operative Complaint: (1) minimum wage; (2) overtime/double time violations; (3) controlled standby and/or reporting time; (4) quantum meruit; (5) inaccurate wage statements under Cal. Labor Code § 226; (6) business expense reimbursement under Cal. Labor Code § 2802; (7) Cal. Bus. & Prof. Code § 17200 violations; (8) statutory penalties under Cal. Labor Code §§ 201, 203; (9) statutory penalties under Cal. Labor Code § 558; and (10) PAGA.

-1-

conducted discovery in accordance with the Federal Rules of Civil Procedure, and after discovery was completed, Halliburton filed a Motion for Summary Judgment and Summary Adjudication on all of Rodriguez's claims (the "Motion for Summary Judgment"). Rodriguez opposed Halliburton's Motion for Summary Judgment by submitting a memorandum of law, exhibits, a response to Halliburton's statement of undisputed material facts, and his own statement of separate statement of undisputed material facts—containing 418 facts—with supporting evidence, such as his affidavit and the transcripts of various depositions.

On April 12, 2022, Judge Ochoa held a hearing on Halliburton's Motion for Summary Judgment. Claimant, through counsel, advanced argument in opposition to Halliburton's Motion for Summary Judgment. Judge Ochoa invited the parties to submit supplemental materials. On April 13, 2022, Rodriguez submitted a letter to Judge Ochoa advancing additional argument in opposition to Halliburton's Motion for Summary Judgment. In short, Rodriguez fully and amply briefed his opposition to Halliburton's Motion for Summary Judgment.

On July 6, 2022, Judge Ochoa issued a Memorandum and Order on Halliburton's Motion for Summary Judgment or Adjudication, *i.e.*, the Final Award. (*See* Ex. 1 to Decl. of A. Idalski.) The Final Award is thorough, well-reasoned, and granted Halliburton's Motion for Summary Judgment in its entirety. The Final Award, spanning 24 pages, recites the pertinent facts and law and cogently applies the law to the facts. (*See generally* Ex. 1 to Decl. of A. Idalski.)

## IV. THE FINAL AWARD SHOULD BE CONFIRMED.

The standard of review of arbitral awards is exceedingly narrow. "A motion to confirm an arbitration award is intended to be a summary proceeding that merely makes the arbitrators' award a final, enforceable judgment of the court." *Hellmich v. Mastiff Contracting, LLC*, 2015 WL 391989, at *5 (C.D. Cal. Jan. 27, 2015); *accord Thibodeau v. Crum*, 4 Cal. App. 4th 749, 760 (1992) ("every presumption favors the arbitrator's award, and the merits of the award, either on question of law or fact, are generally not subject to review.").

Under the Federal Arbitration Act ("FAA"), which this Court already held applies to this proceeding (*see* ECF No. 25), confirmation of an arbitral award is required "even in the face of erroneous findings of fact or misinterpretation of law." *Lagstein v. Certain Underwriters at*

*Lloyd's, London*, 607 F.3d 634, 640 (9th Cir. 2010).  As the United States Supreme Court has explained:

> the provision for judicial confirmation of an arbitrator's award contained in § 9 carries **no hint of flexibility**.  On application for an order confirming the arbitration award, the court "**must grant**" the order "unless the award is vacated, modified, or correct as prescribed in sections 10 and 11 of this title."  There is **nothing malleable** about "must grant," which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies.

*Hall St. Assoc., LLC v. Mattel, Inc.*, 552 U.S. 576, 587 (2008) (emphasis added); *see also Central Montana Rail v. BNSF Ry. Co.*, 422 F. App'x 636, 637 (9th Cir. 2011).

"As such, mere allegations of error are insufficient."  *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 838 (9th Cir. 2004).  Rather, "there must be some evidence in the record, other than the result, that the arbitrators were aware of the law and intentionally disregarded it."  *Bosack v. Soward*, 586 F.3d 1096, 1104 (9th Cir. 2009); *see also DeMartini v. Johns*, 693 F. App'x 534, 537 (9th Cir. 2017) (upholding arbitration award even though the award was "perhaps an erroneous application of the California statute of limitations").

Under this deferential standard of review, there is no basis to deny confirmation of the Final Award.  As is apparent from the Final Award itself, Judge Ochoa impartially heard, considered, and adjudicated the parties' arguments and evidence.  (*See* Ex. 1 to Decl. of A. Idalski.)  Judge Ochoa also accurately stated the law and faithfully applied it to the facts of the case.

Indeed, the Final Award is amply supported by the decisional law.  Concerning Rodriguez's controlled standby claim, Rodriguez testified that he could (and did) spend his on-call time at home with his family, where he engaged in various personal activities, was not subject to any geographic restrictions, never had trouble reporting to work on time, was able to swap on-call shifts with co-workers, and always had at least one hour to report to work (often times much longer than that).  California courts have found in favor of employers on analogous sets of facts.  *See, e.g.*, *Temple v. Bill Brown Enterprises, Inc*., 2015 WL 1736267, at *2 (Cal. Super. Ct. Feb. 04, 2015) (unpublished) (on-call time not compensable where no on-premises requirement and plaintiff had one hour to report to work); *Gomez v. Lincare, Inc*., 173 Cal. App. 4th 508, 523-24

1  (2009) (on-call time was not compensable despite plaintiff having to return a call within 30
2  minutes and report to work within 2 hours because there was no onsite living requirement);
3  *Vandiver v. State*, 2010 WL 4681252, at *7 (Cal. Ct. App. Nov. 19, 2010) (unpublished)
4  (dismissing on-call claims where no on-premises requirement); *Csaszi v. Sharp Healthcare*, 2003
5  WL 352422, at *8 (Cal. Ct. App. Feb. 18, 2003) (unpublished) (upholding on-call time was non-
6  compensable where no on-premises requirement).

7  Judge Ochoa was also correct in finding that Rodriguez's meal and rest break claims under
8  Cal. Labor Code § 226.7 were preempted by the Department of Transportation's hours of service
9  ("HOS") rules under *Int'l Bhd. of Teamsters, Loc. 2785 v. Fed. Motor Carrier Safety Admin.*, 986
10 F.3d 841 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 93 (2021).  Rodriguez conceded at his deposition
11 that his job involved driving DOT-regulated motor vehicles, which required a commercial driver's
12 license, and he was always subject to the DOT's HOS rules.

13 Regarding Rodriguez's off-the-clock claims, there were multiple bases on which to dismiss
14 them.  First, Rodriguez certified his time sheets as being true and accurate and did not utilize
15 Halliburton's time-correction procedures, such as by informing Human Resources of an error.
16 Ample authority holds that a plaintiff "cannot create a genuine issue of material fact" where "an
17 employee [] fail[s] to record all time worked, fail[s] to use an employer's system to correct
18 inaccurate time records, . . . and then later claim[s] that they were working off the clock."
19 *Madeira v. Converse, Inc.*, 2022 WL 109365, at *9 (C.D. Cal. Jan. 11, 2022) (citing *Forrester v.*
20 *Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981); *Jong v. Kaiser Foundation*
21 *Health Plan, Inc.*, 226 Cal. App. 4th 391, 395 (2015)).

22 As other courts have held, "[i]f an employee chooses not to take a break, and then does not
23 inform anyone that he failed to get his break, he cannot later assert that his employer suffered or
24 permitted him to work uncompensated [hours]."  *Maciel v. City of Los Angeles*, 569 F. Supp. 2d
25 1038, 1047 (C.D. Cal. 2008).  Otherwise, "[e]mployees would be able to manipulate the process
26 and manufacture claims by skipping breaks or taking breaks of fewer than 30 minutes, . . . This
27 cannot have been the intent of the California Legislature[.]"  *Porch v. Masterfoods, USA, Inc.*, 685
28 F. Supp. 2d 1058, 1070 (C.D. Cal. 2008).

-4-

Second, Rodriguez admitted to falsifying his time cards by padding his time to claim that he worked more hours than he actually worked.  In other words, every time that Rodriguez felt that he could not take a meal break, he would pad his time sheets by claiming he worked more hours than he actually worked in order to get paid for more hours than he actually worked.  As California courts have recognized, "there is no [overtime] injury when an underpayment of overtime in a pay period is offset by an overpayment in the same pay period."  *Southern California Pizza Wage and Hour Cases*, No. JCCP 4725, 2021 WL 1014459, at *4 (Cal. Super. Mar. 8, 2021) (citing *Castillo v. Bank of Am.*, 980 F.3d 723, 733 (9th Cir. 2020)).

With respect to his inaccurate wage statement claims, Rodriguez failed to point to any violation of Cal. Labor Code § 226(a), let alone a violation which was the "result of a knowing and intentional failure by" Halliburton.  Cal. Labor Code § 226(e).

Finally, concerning Rodriguez's claim for cell phone expenses under Cal. Labor Code § 2802, Judge Ochoa correctly found that this claim failed for two independently sufficient reasons.  First, the testimony established that use of a cell phone was not required for his job.  *See Dugan v. Ashley Furniture Indus., Inc*., 2016 WL 9173459, at *4 n. 2 (C.D. Cal. Nov. 29, 2016) (dismissing claim for indemnification of personal cell phone expenses made form a workplace where there was no policy requiring employees to use their personal cell phones and the employees could have made the calls from their employer's store phones).

Second, Rodriguez's damages were speculative, as "he has not presented evidence of specific resulting expenses.  When Halliburton requested his cell phone bills or other evidence of specific costs incurred, Claimant did not produce them."  (Ex. 1, Final Award at 21.)  Rodriguez thus cannot make out a claim.  *See Wiseman v. Ikon Off. Sols., Inc*., No. A115362, 2008 WL 2756472, at *10 (Cal. Ct. App. July 16, 2008) ("Since damages is a necessary element of a claim for statutory indemnity under section 2802, the jury's finding that plaintiffs failed to prove damages requires judgment for [the employer] and renders moot any issues related to [the employer's] substantive liability under section 2802 or the derivative UCL claim for a monetary award.").

In short, there is no basis for correcting, modifying, or vacating the Final Award. Accordingly, an order confirming the Final Award pursuant to 9 U.S.C. § 9 is warranted.

## IV. CONCLUSION

For all of the foregoing reasons, Halliburton respectfully requests that the Court confirm and enter judgment on the Final Award.

DATED: July 29, 2022

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Annette A. Idalski*
Annette A. Idalski
Jon D. Meer

Attorneys for Defendant
HALLIBURTON ENERGY SERVICES, INC.