**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL BRASHEAR, BENITO CONTRERAS, KENNETH DOLLAR, TERRY FOSTER, RICARDO RODRIGUEZ,<br><br>Plaintiffs,<br><br>v.<br><br>HALLIBURTON ENERGY SERVICES, and DOES 1 through 100,<br><br>Defendant. | Case No. 1:20-cv-00505-JLT-CDB<br><br>ORDER GRANTING MOTION TO CONFIRM ARBITRATION AWARD AND DENYING MOTION TO COMPEL ARBITRATION<br><br>(Docs. 35, 39) |

## I.   INTRODUCTION

Before the Court is Halliburton Energy Services' motion to confirm the arbitration award against Plaintiff Ricardo Rodriguez under the Federal Arbitration Act. (Doc. 35.)  Rodriguez has not filed an opposition to Halliburton's motion.  The Court **GRANTS** the motion to confirm the arbitration award and dismisses the action between Rodriguez and Halliburton with prejudice.

## II.   BACKGROUND

In their first amended complaint, Brashear, Contreras, Dollar, Foster, and Rodriguez filed their complaint against Halliburton, asserting the following claims: (1) minimum wage violations; (2) overtime and double time violations; (3) controlled standby and/or reporting time violations; (4) quantum meruit; (5) inaccurate wage statements under Cal. Labor Code § 226; (6) business expense reimbursement violations under Cal. Labor Code § 2802; (7) Cal. Bus. & Prof. Code

1

1  § 17200 violations; (8) statutory penalties under Cal. Labor Code §§ 201, 203; (9) statutory
2  penalties under Cal. Labor Code § 558; and (10) claims arising under the Labor Code Private
3  Attorney General Act ("PAGA").  (Docs. 1 at ¶¶ 16–42, 8 at ¶¶ 16–54.)  After Halliburton moved
4  to compel arbitration of the non-PAGA claims (Doc. 10), the Court referred the matter to
5  arbitration and stayed the action pending arbitral resolution.  (Docs. 25, 26.)

6  Rodriguez filed a Demand for Arbitration with the American Arbitration Association.
7  (Doc. 35-1 at 2.)  Following discovery, Halliburton filed a motion for summary judgment before
8  the arbitrator as to on all of Rodriguez's claims, which Rodriguez opposed.  (Doc. 35-1 at 3.) The
9  arbitrator granted Halliburton's motion for summary judgment on all claims and issued a final
10 award.  (Doc. 35-2 at 27.)  Halliburton filed this motion to confirm the final arbitration award.
11 (Doc. 35 at 1.)

### III.    DISCUSSION

**A.    Confirmation of the Arbitration Award**

The FAA permits any party to apply to the court within one year of the arbitration award to confirm, vacate, modify, or correct the award.  *See* 9 U.S.C. § 9.  Under the FAA, "'judicial review of an arbitration award is both limited and highly deferential.'"  *Sayta v. Martin*, No. 16-CV-03775-LB, 2017 WL 491161, at *5 (N.D. Cal. Feb. 7, 2017) (quoting *Sheet Metal Worker's Int'l Ass'n Local 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996)).  A court must grant a party's motion to confirm an arbitration award if: (1) the parties have agreed that the court may enter judgment upon the award; (2) a party motions the court for confirmation of the arbitration award within one year of the award's issuance; and (3) the court does not vacate, modify, or correct the award.  *See id.*  The court may only vacate, modify, or correct the award if there is a technical error, any or all of the award is not subject to arbitration, or the award "evidences affirmative misconduct in the arbitral process or the final result that is completely irrational or exhibits a manifest disregard for the law."  *See Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 997 (9th Cir. 2003); *see also* 9 U.S.C. §§ 10–11.

Halliburton filed the motion to confirm within one year of the issuance of the arbitration award and none of the conditions permitting vacation, modification, or correction of the award

are present. (Doc. 35-1 at 2.) There is no evidence of technical errors, issues beyond the scope of arbitration, affirmative misconduct, or an arbitral process or result that is irrational or disregards the law. Further, Rodriguez did not file any opposition to Halliburton's motion and thus, appears not to contest its validity. Therefore, the Court **GRANTS** Halliburton's motion to confirm the arbitration award.

**B.      Dismissal of Rodriguez's PAGA Claim**

Halliburton filed a motion to compel arbitration of Plaintiffs' individual PAGA claims and to dismiss the representative PAGA claims. (Doc. 39.) Plaintiffs opposed the motion. (Doc. 43.) Following these filings, the parties stipulated to the dismissal of Plaintiffs Kenneth Dollar, Michael Brashear, Benito Contreras, and Terry Foster, and the Court terminated the action with prejudice for each of these plaintiffs. (Docs. 44, 45, 46, 47.) Thus, only the action between Rodriguez and Halliburton remains.

Although Plaintiffs filed an opposition to the motion to compel arbitration of the individual PAGA claim, that opposition pertained only to the Plaintiffs now dismissed from the action. (Doc. 43 at 8.) The opposition clarified that because "[t]he resolution in Rodriguez has already been fully reached," "[i]t is not necessary to decide th[e] motion" on behalf of Rodriguez. (Doc. 43 at 8.) Rodriguez recognizes that the arbitration award—confirmed by this Court—resolved his claims. (*See* Docs. 43 at 8; 26 at 1–2.) Consequently, the individual Rodriguez's PAGA claim, which the Court stayed pending arbitration, is now dismissed with prejudice. (*See* Docs. 43 at 8; 26 at 1–2.) Because no claim remains in this case, the Clerk of the Court is directed to close this case.

**CONCLUSION**

For the reasons set forth above:

1. Defendant Halliburton's motion to confirm the final arbitration award against Rodriguez is **GRANTED**, and the action is **DISMISSED** with prejudice.

IT IS SO ORDERED.

Dated:   **September 6, 2024**                                                      _____
                                                                                                           UNITED STATES DISTRICT JUDGE

3